IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| DENILSON VIERA RAMIREZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-00815 (RDA/LRV) |
| | ) | |
| JEFFREY CRAWFORD, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER**

This matter comes before the Court on Petitioner Denilson Viera Ramirez's ("Petitioner")

Petition for Writ of Habeas Corpus (Dkt. 1) seeking release from Immigration and Customs

Enforcement ("ICE") custody or a bond hearing before an Immigration Judge. Petitioner argues

that he is detained under 8 U.S.C. § 1226(a) rather than under § 1225(b)(2), and that this ongoing

detention violates his due process rights, and he requests that this Court order that he be granted a

bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a). Respondents opposed the

Petition and asserted that Petitioner was properly detained under § 1225(b)(2). Dkt. 5. For the

reasons set forth below, the Petition is GRANTED.

I.  BACKGROUND

Petitioner is a citizen of Peru who entered the United States in or about 2022. Dkt. 1 ¶ 18.

Petitioner was detained by Immigration and Customs Enforcement on February 6, 2026, and is

currently being held at the Farmville Detention Center. *Id.* ¶ 20.

On March 25, 2026, Petitioner initiated this proceeding. Dkt. 1. On March 26, 2026, this

Court set a briefing schedule. Dkt. 3. On March 27, 2026, Respondents filed Notice indicating

that the factual and legal issues presented in this Petition do not differ in any material fashion from

1

those presented in *Ceba Cinta v. Noem, et al.*, 1:25-cv-1818 (E.D. Va).  Dkt. 5.  Now that this matter has been fully briefed and is ripe for disposition, the Court dispenses with oral argument as it would not aid in the decisional process.  *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J).

## II.  LEGAL STANDARD

"A federal court may grant habeas relief only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (internal citations omitted).  After receiving the petition and any response thereto, "[t]he court shall summarily hear and determine the facts and dispose of the matter as law and justice require."  28 U.S.C. § 2243.  "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement."  *Preiswer v. Rodriguez*, 411 U.S. 475, 498 (1973).

## III.  DISCUSSION

As a threshold matter, this Court has jurisdiction to consider Petitioner's habeas challenge to his detention as neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this court of jurisdiction under 28 U.S.C. § 2241 to review the legality of Petitioner's detention.  *See Luna Quispe v. Crawford*, 2025 WL 2783799, at *2–3 (E.D. Va. Sept. 29, 2025).

With respect to the substance of his claim, Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) rather than § 1225(b)(2), and that his constitutional due process rights are being violated because the mandatory detention provision of § 1225(b)(2) does not apply to him.  Petitioner requests that he be released, or in the alternative, that he be given a bond hearing pursuant to 8 U.S.C. § 1226.  In their Opposition, Respondents argue that Petitioner's detention is lawful and constitutional under the Immigration and Nationality Act ("INA") because Petitioner

is detained under 8 U.S.C. § 1225(b)(2) and not 8 U.S.C. § 1226(a).  Moreover, Respondents argue that because Petitioner was not legally granted entry into the country, he is still "seeking admission," making § 1225(b)(2) the appropriate statute to apply to his detention.  Further, Respondents assert that petitioners subsequently placed into removal proceedings who have not actually been "admitted" are subject to mandatory detention under § 1225(b).  Petitioner asserts that he is neither "seeking admission" nor an applicant for admission since he was already present in the country prior to his detention.

This Court observes that the parties' arguments are substantially similar to others made in recent habeas cases in this District.[1]  Here, like there, the dispositive issue is reduced to whether Petitioner's detention is governed by the mandatory detention provisions in 8 U.S.C. § 1225(b)(2) or the discretionary detention provisions in 8 U.S.C. § 1226(a).  Respondents argue that Petitioner is an "applicant for admission" because he entered the country without inspection, thereby subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226(a).  Dkt. 5.  Respondents acknowledge that their arguments have previously

---

[1] *See, e.g.*, *Hasan v. Crawford*, -- F. Supp. 3d --, 2025 WL 2682255 (E.D. Va. 2025) (Brinkema, J.); *Luna Quispe v. Crawford*, 2025 WL 2783799 (E.D. Va. Sep. 29, 2025) (Trenga, J.); *Quispe-Ardiles v. Noem*, 2025 WL 2783800 (E.D. Va. Sep. 30, 2025) (Nachmanoff, J); *Vargas Nunez v. Lyons*, 1:25-cv-1574, Dkt. 10 (E.D. Va. Oct. 1, 2025) (Brinkema, J.); *Diaz Gonzalez v. Lyons*, 1:25-cv-1583, Dkt. 8 (E.D. Va. Oct. 1, 2025) (same); *Gomez Alonzo v. Lyons*, 1:25-cv-1587, Dkt. 16 (E.D. Va. Oct. 1, 2025) (same); *Perez Bibiano v. Lyons*, 1:25-cv-1590, Dkt. 8 (E.D. Va. Oct. 2, 2025) (same); *Ortiz Ventura v. Noem*, 1:25-cv-1429, Dkt. 16 (E.D. Va. Oct. 2, 2025) (Nachmanoff, J.); *Lopez-Sanabria v. Bondi*, 1:25-cv-1511, Dkt. 9 (E.D. Va. Oct. 3, 2025) (same); *Guerra Leon v. Noem*, 1:25-cv-1634, Dkt. 12 (E.D. Va. Oct. 8, 2025) (Brinkema, J.); *Maldonado Merlos v. Noem*, 1:25-cv-1645, Dkt. 11 (E.D. Va. Oct. 9, 2025) (same); *Alfaro v. Lyons*, 1:25-cv-1569, Dkt. 11 (E.D. Va. Oct. 11, 2025) (Trenga, J.); *Singh v. Lyons*, 1:25-cv-1606, Dkt. 6 (E.D. Va. Oct. 14, 2025) (same); *Teyim v. Perry*, 1:25-cv-1615, Dkt. 9 (E.D. Va. Oct. 15, 2025) (Nachmanoff, J.); *Arevalo Paniagua v. Simon*, 1:25-cv-1714, Dkt. 9 (E.D. Va. Oct. 29, 2025) (Alston, J.); *Boquin Oliva v. Noem*, 1:25-cv-1592, Dkt. 12 (E.D. Va. Oct. 29, 2025) (same); *Quintero Flores v. Noem*, 1:25-cv-1614, Dkt. 9 (E.D. Va. Oct. 29, 2025) (same); *Aguilar-Cruz v. Noem*, 1:25-cv-1740, Dkt. 8 (E.D. Va. Oct. 29, 2025) (same); *Romero-Torres v. Perry*, 1:25-cv-1726, Dkt. 7 (Oct. 30, 2025) (same).

been rejected by numerous decisions both in this District and other district courts across the country and do not argue that this case is factually distinguishable such that it would require a different outcome.[2]  Consequently, this Court also finds that Petitioner's detention is governed by 8 U.S.C. § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures. *See, e.g.*, *Singh v. Lyons, et. al.*, 2025 WL 2932635 at *4 (E.D. Va. Oct. 14, 2025) (finding that Respondents' application of § 1225(b) to individuals like Petitioner already in the country contravenes the plain text and statutory scheme of the INA, which makes clear that § 1225(b)(2)(A)'s scope extends only to those individuals actively seeking admission into the country, and not those that have already entered the county (albeit unlawfully)).  As the Supreme Court held in *Jennings v. Rodriguez*, § 1226(a) is the "default rule," which governs "aliens already in the country" who are subject to removal proceedings, whereas § 1225(b) governs "aliens seeking admission into the country."  583 U.S. 281, 288–89 (2018).[3]  Since Petitioner entered the country in or about 2022, he falls into the category of "aliens already in the country" subject to the discretionary detention provisions in § 1226(a).

Having determined that Petitioner's detention is governed by § 1226(a), the Court must consider whether his continued detention absent a bond hearing violates his due process rights.  In that regard, the Court concludes that for the same reasons the court found in *Luna Quispe*, 2025

---

[2] Although the Court is aware of the Fifth Circuit's decision reaching a contrary conclusion, that decision is not binding here. *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020).  Moreover, of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here. *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025) (noting that "the law is clear").

[3] The scheme developed by Congress, as interpreted in *Jennings*, affords more protections to aliens who make it past the border and deeper into the United States without being processed by immigration authorities than those stopped at the border.  The Court finds this odd and questions the incentives that it creates.

WL 2783799 at *7–9, Petitioner's continued detention under § 1226 without a bond hearing violates his substantive and procedural due process rights. For the above reasons, Petitioner's detention is governed by § 1226(a)'s discretionary framework, not § 1225(b)'s mandatory detention procedures, and the Court finds that Petitioner is entitled to a bond hearing before an immigration judge.

IV.  CONCLUSION

For all of the reasons above, the Petition (Dkt. 1) is GRANTED, and it is hereby ORDERED that Petitioner be provided with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within seven days of this order; and it is further

ORDERED that Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that in the event Petitioner is released on bond by an Immigration Judge, Respondents are ENJOINED from rearresting Petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that Petitioner is detained under § 1225(b)(2).

The Clerk is directed to send copies of this Order to all counsel of record and to place this matter among the ended causes.

It is SO ORDERED.

Alexandria, Virginia
March 27, 2026

_____ /s/

Rossie D. Alston, Jr.
United States District Judge